UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

Steven Todd Parker,                                        Civil No. 11-100 (DSD/LIB)

                        Petitioner,

        v.                                            **REPORT AND RECOMMENDATION**

John King, Warden,
Minnesota Department of Corrections,

                        Respondent.


        This matter is before the undersigned United States Magistrate Judge on Petitioner's

application for habeas corpus relief under 28 U.S.C. § 2254.  The case has been referred

to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local

Rule 72.1.  For the reasons discussed below, it is recommended that the petition for writ

of habeas corpus be denied and dismissed with prejudice.[1]

## I.    BACKGROUND

        On January 29, 2007, Petitioner Steven Parker ("Petitioner") was convicted of

Burglary in the First Degree,[2] Burglary in the Second Degree,[3] Theft of a Motor Vehicle,[4]

---

        [1]      Rule 4 of the Rules Governing Section 2254 Cases in the United States
District Courts provides that "[i]f it plainly appears from the petition and any attached
exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss
the petition and direct the clerk to notify the petitioner."

        [2]      Minn. Stat. § 609.582, Subd. 1(a).

        [3]      Minn. Stat. § 609.582, Subd. 2(a).

        [4]      Minn. Stat. § 609.52, Subd. 2(17) and 3(3)(d)(v).

and Fleeing from a Police Officer by Means of a Motor Vehicle[5] in Dakota County District Court.  (Pet. [Docket No. 1], p. 1).  In a bifurcated hearing, the jury found that Petitioner had five prior felony convictions forming a pattern with the present offenses.  *State v. Parker*, A07-0968, 2008 WL 2965925 at *1(Minn. Ct. App. Aug. 5, 2008) ("*Parker I*").  Based on those findings, the trial court held Petitioner qualified for sentencing as a career offender under Minn. Stat. § 609.1095, subd. 4.  *Id.*  Petitioner was sentenced to a period of 456 months incarceration.  *Id.*

Petitioner appealed his conviction and his sentence, and the Minnesota Court of Appeals affirmed the conviction but remanded because the sentencing court, in departing upward, relied in part upon improper considerations inherent in the crime that were not supported by jury determinations .  *Parker I*, 2008 WL 2965925 at *10.  On remand, the sentencing court was directed to "limit its departure determinations to appropriate departure factors."  *Id.*  In response to Petitioner's argument that the length of his sentence was manifestly unjust, the Minnesota Court of Appeals stated:

> In light of our decision to remand this case for resentencing, we do not exercise our discretion under section 244.11,[6] subdivision 2(b), to vacate or otherwise alter this sentence.

---

[5]     Minn. Stat. § 609.487, Subd. 3.

[6]     Minn. Stat. § 244.11, Subd. 2(b) provides:

> On an appeal pursuant to this section, the Court may review the sentence imposed or stayed to determine whether the sentence is inconsistent with statutory requirements, unreasonable, inappropriate, excessive, unjustifiably disparate, or not warranted by the findings of fact issued by the district court.

We note that the *Neal*[7] court held that a quadruple-upward departure from the guidelines was excessive, and advised district courts to "use caution when imposing sentences that approach or reach the statutory maximum sentence" because such an enhancement "may artificially exaggerate the defendant's criminality" by effectively considering the defendant's criminal history twice.  658 N.W.2d at 546.

We are aware that Parker has a lengthy history of felony convictions, especially burglaries, and has served a significant amount of time in prison for various past convictions. However, we note that excluding the sentence for theft of a motor vehicle, the consecutive sentences on Parker's other three convictions total 33 years in a case lacking any evidence of physical harm and limited evidence of psychological harm. The sentence for first-degree burglary comprises 20 of those 33 years even though Parker and the victim never saw each other, were in the same "dwelling" for only a very short period of time, and nothing was taken from the victim's home.  We note the admonition of the Minnesota Supreme Court in *Neal*, and emphasize prudence in the resentencing of this case.

*Id.* at *11.

On remand, the sentencing court imposed a sentence of 360 months.  (Resp't Mem. of Law and Fact ("Resp't. Mem.") [Doc. No. 12] p. 6).  Petitioner appealed his resentence.

In a brief to the Minnesota Court of Appeals, Petitioner framed the issue as follows:

The 30-year sentence the trial court imposed on remand is not the product of a thoughtful sentencing decision.  It is the product of a sentencing statute which does not require a trial court to exercise any restraint when sentencing a "career offender."  Rather than remand the matter again, must this court exercise its authority under Minn. Stat. § 244.11 and grant appellant appropriate sentencing relief?

(Resp't Mem., Appendix, ("Resp't App.") Ex. B, Appellant's Sentencing Brief, p. 2 [Doc. No. 12-1]).  After the State filed its response, Petitioner filed a *pro se* reply brief.  In his reply

---

[7]        *Neal v. State*, 658 N.W.2d 536 (Minn. 2003).

brief, Petitioner framed the issue as:

> Whether Appellant's sentence pursuant to the career criminal statute is so "unreasonable, inappropriate, excessive, unjustifiably disparate, or unwarranted by the findings of fact issued by the district court" that this Court should exercise its statutory authority to reduce the sentence.

(Resp't App., Ex. D, Appellant's *Pro Se* Reply Brief, p.2 [Doc. No. 12-2]).  Petitioner also raised an issue that was not raised in his initial brief:

> Appellant further argues that the jury could not have made nor reach a conclusion or verdict that the appellant in fact had 5 prior felony convictions had his PSI report been properly investigated by the sentencing court and the office of probation.
>
> Appellant further argues that sentencing procedures that fail to provide this process are unconstitutional and violates appellate's [sic] Sixth Amendment Right under the United States Constitution.

(*Id.*, p. 7.)

The Court of Appeals declined to exercise its authority to reduce Petitioner's sentence.  *State v. Parker*, A09-0354, 2009 WL 3736120 at *2 (Minn. Ct. App. Nov. 10, 2009) *rev. denied* (2010)  ("*Parker II*").  Additionally, the court refused to address Petitioner's argument about computation of his criminal history points because Minn. R. Civ. App. P. 128.02, subd, 4 limits a reply brief to matter's raised in the State's brief.  *Id.* The Minnesota Supreme Court denied Petitioner's request for review on January 19, 2010. *Id.*

Petitioner filed the current federal habeas corpus petition under 28 U.S.C. § 2254 on January 13, 2011.  The petition purportedly contains one ground for relief but within

Ground One,[8] this Court finds the following arguments:

- The trial court violated Petitioner's constitutional due process rights by failing to charge or submit any aggravating facts to support an upward departure in the original or amended complaint. (Pet., Addendum, p. 1).

- None of the factors or judicial findings required by *Apprendi*[9] were determined or proven at his bifurcated trial or resentencing hearing. (*Id.*, p. 2).

- The Minnesota Career Criminal statute is unconstitutional as applied to Petitioner because "elements of an offense cannot be used as aggravating factors to impose an upward sentencing departure for the same offense." (*Id.*, pp. 4-6, citing *Blakely*[10] and *Apprendi*).

- The sentence was excessive and not proportional to the severity of the offenses, and punished the defendant twice for the same offenses. (*Id.*, pp. 6-7).

- The court violated Petitioner's constitutional rights under the Sixth and Fourteenth Amendment by overruling his counsel's objection during the jury trial of the career criminal issue by reading Petitioner's prior complaint(s) and transcripts of plea agreements, with no meaningful way to cross-examine

---

[8]     Ground One states:

> Petitioner's sentence of 360 months was a direct result of procedural and substantial errors which violated his right to the due process of law. Furthermore, Petitioner's prior convictions were improperly used by the trial court to commit and sentence him to the 360 months as a career offender under the Minnesota Career Offender Statute as oppose [sic.] to resentencing him to the mandatory statutory presumptive fixed sentence of 57 months pursuant to the Minnesota Sentencing Guidelines based upon an individual with 6 or more felony criminal history points, with the severity level of conviction offense of 6.

(Pet., Addendum p. 1).

[9]     *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

[10]    *Blakely v. Washington*, 542 U.S. 296 (2004).

witnesses.  (*Id.*, p. 7).

Respondent filed an Answer and a Memorandum of Law and Fact ("Resp't. Mem.") [Doc. Nos. 11 and 12].  In the memorandum, Respondent contends Petitioner did not raise the same federal constitutional argument in the state courts that he raised in his habeas petition.  (Resp't Mem. pp. 10, 12.)  Respondent also submits that Petitioner was properly sentenced as a career offender under Minn. Stat. § 609.1095, subd. 4.  (*Id.*, pp. 12-15.)

Petitioner filed a Memorandum of Law and Reply in Support of his Petition for the Writ of Habeas Corpus Relief ("Pet'r Reply" [Doc. No. 13]).  Petitioner states:

> The Minnesota state statute under the career offender is unconstitutional as it was applied to the Petitioner.  The Petitioner was denied his 5th, 6th, 8th and 14th U.S. Const. Amend. rights to due process of the law by being sentenced as a career offender under the Minn. Stat. § 609.1095, Subd. 4.

(Pet'r Reply, p. 3).

## II.    DISCUSSION

### A.    Standard of Review

Federal habeas courts must engage in a "limited and deferential review of underlying state court decisions."  *Mark v. Ault*, 498 F.3d 775, 782-83 (8th Cir. 2007).  "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."  *Estelle v. McGuire*, 502 U.S. 62, 67-8 (1991).  Relief is available only if the petitioner is in custody in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a).  Relief is limited to cases where the state court's adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court, or

resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.  28 U.S.C. § 2254(d).  Here, the Minnesota Court of Appeals upheld Petitioner's sentence, as a career offender, of 30 years for two counts of burglary, one count of car theft, and fleeing a police officer.  *Parker II*, 2009 WL 3736120.

In a petition for habeas corpus, a Petitioner must successfully show that he exhausted the state remedies for each claim he brings.  28 U.S.C. § 2254(b)(1)(A).  The doctrine of exhaustion requires a petitioner to "fairly present" his federal claims to the state courts.  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).   To "fairly present" his federal claims, the petitioner must "have referred to 'a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue' in a claim before the state courts."  *McCall v. Benson*, 114 F.3d 754, 757 (8th Cir.1997) (internal quotations omitted).   Petitioners must present the substance of any federal claims "in each appropriate state court (including a state supreme court with powers of discretionary review)."  *Baldwin,* 541 U.S. at 29.

When a prisoner fails to exhaust his state court remedies for a claim, and state procedural rules preclude any attempt to satisfy the exhaustion requirement for that claim, then the claim is not unexhausted, but rather "procedurally defaulted."  *Coleman v. Thompson*, 501 U.S. 722, 729-32 (1991).  Thus, if a state court remedy remains, courts classify a previously unraised habeas claim as "unexhausted," but if state court remedies are no longer available, the exhaustion requirement is satisfied.  *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005).  However, "the failure to exhaust 'provides an independent and adequate state-law ground for the conviction and sentence'", and the claim is

procedurally defaulted.  *Id.* at 926 (internal citations omitted).

Petitioner neglected to raise, when challenging his resentencing in the Minnesota Court of Appeals, any of the federal constitutional claims that he now asserts in his habeas petition.[11]  If no state court remedy remains for these claims, they are procedurally defaulted.  In Petitioner's case, a petition for post conviction relief in state court would be futile because his federal constitutional claims were known to him but not raised on direct appeal.  *State v. Knaffla*, 243 N.W.2d 737, 741 (1976).  "The Minnesota Supreme Court has established that all matters known but not raised on appeal 'will not be considered upon subsequent petition for postconviction relief.'"  *Greer v. Minnesota*, 493 F.3d 952, 956 (quoting *Knaffla*, 243 N.W.2d at 741).

There are two exceptions to the *Knaffla* rule, neither of which is applicable here.  A post conviction court can hear a new claim if "the claim is so novel that it can be said that its legal basis was not reasonably available to counsel at the time the direct appeal was taken and decided."  *Roby v. State*, 531 N.W.2d 482, 484 (Minn. 1995).  A post conviction court will also hear a new claim "if fairness so requires and if the petitioner did not 'deliberately and inexcusably' fail to raise the issue on direct appeal."  *Id.*  There is nothing novel about alleging a state court error was so egregious as to violate a Petitioner's due process rights under the U.S. Constitution, as Petitioner does here.  There is also nothing in the record excusing Petitioner's failure to raise his federal constitutional claims on direct appeal.  Therefore, Petitioner's habeas claims are procedurally defaulted.

---

[11]    Petitioner raised a constitutional issue regarding the miscalculation of his criminal history points in his *pro se* reply brief to the Minnesota Court of Appeals, but he has not raised that claim in his habeas petition.

A habeas court may review a procedurally defaulted claim "if the petitioner can show either cause and prejudice to excuse the default or actual innocence." *Hatcher v. Hopkins*, 256 F.3d 761, 763 (2001). "'Cause', under the cause and prejudice test must be something *external* to the petitioner, something that cannot fairly be attributed to him. . ." *Coleman*, 501 U.S. at 753. The Court finds no evidence of an external impediment that prevented Petitioner from bringing his federal constitutional claims in state court. Furthermore, Petitioner can not satisfy the actual innocence excuse for procedural default because he does not allege he is innocent, only that his sentence was excessive.

In sum, Petitioner procedurally defaulted his habeas claims because he did not fairly present the federal nature of his claims in state court, and no state court remedy remains open for Petitioner to exhaust his claims. Petitioner has shown neither cause and prejudice nor actual innocence to excuse the default. Therefore, the Court recommends dismissing the petition with prejudice.

## III.    RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [Docket No. 1] be **DENIED** and this action be **DISMISSED WITH PREJUDICE.**

## IV.    CERTIFICATE OF APPEALABILITY

The Court grants a Certificate of Appealability where the petitioner makes a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Tiedeman v. Benson*, 122 F.3d 518, 523 (8th Cir. 1997). To succeed, the Petitioner must show that the issues are "debatable among reasonable jurists, a court could resolve the

issues differently, or the issues deserve further proceedings." *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994).  Here, the Court finds it improbable that any other court would decide the issues Petitioner presents any differently or find that any issue warrants further proceedings.  Thus, the Court further recommends that Petitioner should not be granted a Certificate of Appealability.


Dated:      September 22 , 2011              s/Leo I. Brisbois
                                             LEO I. BRISBOIS
                                             United States Magistrate Judge

# **N O T I C E**

    Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by October  6, 2011**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof.  Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.