```
               UNITED STATES DISTRICT COURT
                   DISTRICT OF MINNESOTA
                  Civil No. 11-100(DSD/LIB)
```

Steven Todd Parker,

       Petitioner,

v.                                                    **ORDER**

John King, Warden
Minnesota Department
of Corrections,

       Respondent.


    Steven Todd Parker, 154931, MCF-Stillwater, 970 Pickett Street, Bayport, MN 55003, pro se.

    Kevin J. Golden, Esq., Dakota County Attorney's Office, 1560 Highway 5, Hastings, MN 55033 and Matthew Frank, Esq., Minnesota Attorney General's Office, Suite 1800, 445 Minnesota Street, St. Paul, MN 55101, counsel for respondent.


This matter is before the court upon the pro se objection by petitioner Steven Todd Parker to the September 22, 2011, report and recommendation of Magistrate Judge Leo I. Brisbois. Based on a de novo review of the file, record and proceedings herein, and for the following reasons, the court finds that the report and recommendation correctly disposes of the petition.


                                 **BACKGROUND**

  On January 29, 2007, a jury in Dakota County, Minnesota convicted Parker of first-degree burglary, two counts of second-

degree burglary, theft of a motor vehicle and fleeing police.[1] A jury further found that Parker had five or more prior felony convictions and that the instant offenses were part of a pattern of criminal conduct, and thus Parker was a career offender under Minnesota Statutes § 609.1095. The trial court sentenced Parker to 456 months imprisonment. Parker appealed, and the Minnesota Court of Appeals affirmed in part and reversed in part based on the trial court's consideration of factors beyond Parker's career-offender status. State v. Parker (Parker I), A07-0968, 2008 WL 2965925, at *11-12 (Minn. Ct. App. Aug. 5, 2008). On remand, the trial court limited its consideration to the career-offender enhancement and resentenced Parker to 360 months. The court of appeals affirmed. State v. Parker (Parker II), No. A09-0354, 2009 WL 3736120, at *2 (Minn. Ct. App. Nov. 10, 2009), review denied, No. A09-0354 (Minn. Jan. 19, 2010).

Parker timely filed the present petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The magistrate judge recommends that the petition be denied and dismissed with

---

[1] The offenses in the instant case are different from those in Parker's June 2007, convictions in Ramsey County, Minnesota. In the Ramsey County case, Parker pleaded guilty to three counts of first-degree burglary and acknowledged that he qualified as a career offender. See State of Minnesota v. Parker, No. A07-2067, 2009 WL 304641, at *1 (Minn. Ct. App. Feb. 10, 2009).

2

prejudice, because Parker failed to exhaust his state-court remedies and is now procedurally barred from raising these claims in state court. Parker objects.

## DISCUSSION

**I. Unexhausted Claims**

The court reviews the report and recommendation of the magistrate judge de novo. See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); D. Minn. LR 72.2(b). Parker first argues that he exhausted his state court claims by arguing at his first sentencing that the proceedings were "unconstitutional ... and deni[ed] him rights under the due process clause and the doctrine of fundamental fairness." Objection, ECF No. 20, at 1 (quoting Tr. 381:14-19; Aug. 7, 2007). Parker is incorrect. First, the statement was made in reference to the trial court's decision to admit certified copies of Parker's prior convictions for the purpose of allowing the jury to determine whether Parker was a career offender. See Tr. 382:19-22; 384:19-24; Aug. 7, 2007. Moreover, Parker did not raise the issue on appeal. Thus, this argument was not exhausted. See Clark v. Caspari, 274 F.3d 507, 510 (8th Cir. 2001) ("[T]he exhaustion doctrine requires a state prisoner to file for any available discretionary review in the state's highest court prior

to filing for federal habeas relief." (citing O'Sullivan v. Boerckel, 526 U.S. 838, 847-48 (1999))). Therefore, this objection is overruled.

Parker next argues that reference to Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 542 U.S. 296 (2004), and the career-offender statute, Minn. Stat. § 609.1095, subdiv. 4, by the Minnesota Court of Appeals means that he fairly presented his constitutional claims.[2]  See Objection, ECF No. 20, at 4-6. "[A] federal court may usually only consider those claims *which the petitioner has presented* to the state court in accordance with state procedural rules."  McCall v. Benson, 114 F.3d 754, 756-57 (8th Cir. 1997) (emphasis added) (citation and internal quotation marks omitted).  Thus, the court focuses on the claims that Parker raised in his petition for review, and not what cases and statutes the Minnesota Court of Appeals cited.  In his first request for court of appeals review, Parker argued that his sentencing was improper under Apprendi and Blakely.  The court of appeals agreed and remanded the case for resentencing, because the trial court departed upward, in part, based on factors not submitted to a jury and proven beyond a reasonable doubt.  See Parker I, 2008 WL 2965925, at *9.  Parker, however, failed to raise claims under

---

[2] Parker argues that the court of appeals addressed these constitutional issues in both opinions. Although this is true of Parker's first appeal, see Parker I, 2008 WL 2965925, at *9-12, such discussion was absent from the second court of appeals decision. See Parker II, 2009 WL 3736120, at *1-2.

4

Apprendi or Blakely in his second appeal. See Resp't's App. B, ECF No. 12-1, at 12-16; see also Pet. 4, ECF No. 1 (noting grounds for second appeal as improper sentence). As a result, this claim is procedurally defaulted, and therefore the objection is overruled.[3]

## II. Exhausted Claim

The only argument that Parker presented in his second appeal was that the Minnesota career-offender statute "punishes a defendant for his record, instead of the manner in which he committed the crime," thereby resulting in irrational and disproportionate sentences. See Resp't's App. B, ECF No. 12-1, at 15. Parker also raised this challenge in the instant petition, and thus he exhausted this claim.[4]

The Antiterrorism and Effective Death Penalty Act of 1996 limits the scope of review in a habeas proceeding. See Pub. L. No. 104-132, 110 Stat. 1214. The petition must be denied unless the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision

---

[3] Even if this claim were not procedurally defaulted, it would fail on the merits. The jury specifically found Parker to be a career offender, and the state court decisions were not contrary to or an unreasonable application of Apprendi and Blakely. See Williams v. Taylor, 529 U.S. 362, 405 (2000).

[4] Parker's petition for Minnesota Supreme Court review is absent from the record. This alone is sufficient to warrant dismissal. Nevertheless, the court addresses Parker's claim on the merits.

that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The phrases "contrary to" and "unreasonable application of" have independent meanings. Williams v. Taylor, 529 U.S. 362, 405 (2000).

A decision is "contrary to" federal law if "the state court arrived at a conclusion opposite to that reached by the Supreme Court on a question of law, or reached a decision contrary to Supreme Court precedent when confronting facts that were materially indistinguishable." Jackson v. Norris, 651 F.3d 923, 925 (8th Cir. 2011) (citation omitted). The decision in Parker II is not "different than the Supreme Court's conclusion on a set of materially indistinguishable facts," and does not reach an opposite conclusion on a question of law. Garcia v. Bertsch, 470 F.3d 748, 754 (8th Cir. 2006) (citation and internal quotation marks omitted).

A decision is an "unreasonable application of" federal law if "the state court correctly identified the governing legal principle, but unreasonably applied it to the facts of the particular case." Jackson, 651 F.3d at 925 (citing Bell v. Cone, 535 U.S. 685, 694 (2002)). Parker II did not cite Supreme Court precedent, but "it is well established that state courts need not cite the relevant Supreme Court cases so long as the analyses used and results reached are ... [not] objectively unreasonable

applications of, the controlling Supreme Court precedent." Pederson v. Fabian, 491 F.3d 816, 825 (8th Cir. 2007) (citing Early v. Packer, 537 U.S. 3, 8 (2002) (per curiam)). The Supreme Court has continually upheld career-offender statutes and "three-strike rules" that punish defendants for their record, rather than the manner in which they committed the crime. See Ewing v. California, 538 U.S. 11, 16, 30-31 (2003); Rummel v. Estelle, 445 U.S. 263, 278 (1980). Therefore, Parker's sentence is not "contrary to" or an "unreasonable application of" federal law.

Accordingly, **IT IS HEREBY ORDERED** that:

1.  Petitioner's objection [ECF No. 20] to the magistrate judge's report and recommendation is overruled;

2.  The magistrate judge's report and recommendation [ECF No. 16] is adopted;

3.  Petitioner's application for a writ of habeas corpus [ECF No. 1] is denied;

4.  Petitioner's application to proceed in forma pauperis [ECF No. 2] is denied as moot;

5.  This action is summarily dismissed with prejudice; and

6.  Pursuant to 28 U.S.C. § 2253(c)(1)(A), the court denies a certificate of appealability in this case.

**LET JUDGEMENT BE ENTERED ACCORDINGLY**

Dated:   January 13, 2012

s/David S. Doty<br>
David S. Doty, Judge<br>
United States District Court