```
             UNITED STATES DISTRICT COURT
                DISTRICT OF MINNESOTA
              Civil No. 11-100(DSD/LIB)
```

Steven Todd Parker,

        Petitioner,

v.                                                                                       **ORDER**

John King, Warden of
the institution,

        Respondent.

     This matter is before the court upon the application of petitioner Steven Todd Parker to proceed in forma pauperis (IFP) before the Eighth Circuit. Parker is a state prisoner in Minnesota.

     A litigant who seeks to be excused from paying the filing fee for an appeal may apply for IFP status under 28 U.S.C. § 1915. See also Fed. R. App. P. 24(a). To qualify for IFP status, the litigant must demonstrate that he or she cannot afford to pay the full filing fee. 28 U.S.C. § 1915(a)(1). Even if the court finds a litigant to be indigent, IFP status will be denied if the court finds that the litigant's appeal is not taken in "good faith." 28 U.S.C. § 1915(a)(3). Good faith in this context is judged by an objective standard and not by the subjective beliefs of the appellant. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). To determine whether an appeal is taken in good faith, the court must decide whether the claims to be decided on appeal are

factually or legally frivolous. Id. An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis in either law or in fact." Nietzke v. Williams, 490 U.S. 319, 325 (1989).

Based upon the present IFP application, the court is satisfied that Parker is financially eligible for IFP status. The court assesses "an initial partial filing fee of twenty percent of the greater of ... the average monthly deposits to the prisoner's account[] or the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the ... notice of appeal." Id. § 1915(b)(1). Parker's trust account certificate shows that the average monthly deposits for the preceding six months was $51.01, and his average monthly balance for the preceding six months was $8.89. See ECF No. 32, at 6. Therefore, the court calculates that Parker's initial, partial filing fee would be $10.20, plus continuing monthly payments in accordance with 28 U.S.C. § 1915(b).

The court finds, however, that an appeal in this action would not be taken in good faith. The court has carefully reviewed the record in this case. Based on its review of the record and file, the court concludes that petitioner's contentions lack an arguable basis in fact or law and that an appeal of this action would not be taken in good faith. As the court explained in its January 13, 2012, order, petitioner's 28 U.S.C. § 2254 claim challenging the

2

legality of his state-court sentence is without merit. Specifically, Parker procedurally defaulted on all but one of his claims, and the surviving claim was neither contrary to, nor involved an unreasonable application of federal law. See Parker v. King, No. 11-100, 2012 WL 116038, at *1-3 (D. Minn. Jan. 13, 2012). Therefore, Parker's claim lacks an arguable basis in fact or law, and an appeal of this action would not be taken in good faith.

Accordingly, based upon the above, **IT IS HEREBY ORDERED** that the application to proceed in forma pauperis [ECF No. 32] is denied.

Dated: April 26, 2012

                                      s/David S. Doty
                                      David S. Doty, Judge
                                      United States District Court